IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

MARK HULBERT, SR.,                 )
                                   )
               Plaintiff,          )
                                   )
     v.                            )    No. 07 C 423
                                   )
DARRYL CHEEKS, et al.,             )
                                   )
               Defendants.         )

                        MEMORANDUM ORDER

     Mark Hulbert, Sr. ("Hulbert") has just filed a Complaint against Darryl Cheeks ("Cheeks") and Chicagoland Foods Military Consortium, Inc. ("Consortium"), invoking federal subject matter jurisdiction on diversity of citizenship grounds. This memorandum order is issued sua sponte to address jurisdictional issues posed by the Complaint--one actual, the other possible.

     Complaint ¶¶2 and 3 speak only in terms of Hulbert and Cheeks' residences. In that respect Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998), quoting Guaranty Nat'l Title Co. v. J.E.G. Assocs., 101 F.3d 57, 59 (7th Cir. 1996) teaches:

> Of course, allegations of residence are insufficient to establish diversity jurisdiction. It is well-settled that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit."

     But this Court is loath to saddle Hulbert (or his counsel) with another $350 filing fee because of that error (it seems likely, though not certain, that the individual parties' states of citizenship coincide with their respective places of residence). If then Complaint ¶¶2 and 3 are properly amended on

or before February 5, 2007,[1] this action will not be dismissed on that score--but if no such amendment is timely filed, this Court would be constrained to enter an order of dismissal for lack of subject matter jurisdiction.

If that diversity flaw is indeed curable, however, a question remains as to the proper alignment of Consortium for diversity purposes. Complaint ¶33 states that this action is brought both by Hulbert "and as a derivative action, brought on behalf of CFMC ["Consortium"] to remedy and to recover damages" attributable to Cheeks' asserted misconduct. Further allegations (e.g., Complaint ¶36) assert that Cheeks, who is assertedly in control of Consortium, "is antagonistic to and is actively aligned against Mr. Hulbert and this lawsuit."

In those terms it would appear that Consortium, though this action is advanced in part on its behalf, need not be realigned as a plaintiff (which would destroy diversity)--see, e.g., 15 <u>Moore's Federal Practice</u> §102.20[6](3d ed. 2006). Hence, absent a showing by Cheeks or Consortium or both that such is not the case, jurisdiction will be properly lodged in this District Court if the first-described (and actual) defect is cured, and the

---

[1] Hulbert's counsel should not file a full-blown Amended Complaint for that purpose--a simple one-or-two-paragraph amendment will suffice.

2

action will proceed on that basis.

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
                                Milton I. Shadur
                                Senior United States District Judge

Date:  January 26, 2007