IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARK HULBERT, SR.,                )
                                  )
              Plaintiff,          )
                                  )
    v.                            )    No.  07 C 423
                                  )
DARRYL CHEEKS, et al.,            )
                                  )
              Defendants.         )

## MEMORANDUM ORDER

Defendants Darryl Cheeks ("Cheeks") and Chicagoland Foods Military Consortium ("Consortium") have filed their Answer and Affirmative Defenses to the Amended Complaint ("AC") brought against them by Mark Hulbert, Sr. ("Hulbert"), and Consortium has contemporaneously filed what it labels as Counterclaims against Hulbert as well as his wife Diane. This memorandum order is issued sua sponte to address a number of flaws in those pleadings.

As for the Answer, defense counsel has violated the mandate of Fed. R. Civ. P. ("Rule") 8(b) that requires a defendant to respond to all of "the averments upon which the adverse party relies." That leaves no room for a defense counsel to create exceptions of his or her own making. Thus:

    1. It will not do to avoid responding to an allegation about a document on the premise that it "speaks for itself" (Answer ¶¶11, 18, 27, 58, 61, 67, 68, 71 and 72). In that respect see App. ¶3 to State Farm Mut. Auto. Ins. Co. v.

Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

    2. It is similarly impermissible to eschew responding to an allegation on the premise that it states a legal conclusion (Answer ¶¶20, 29, 33, 45, 51, 57 and 66). In that regard see App. ¶2 to State Farm.

    3. Answer ¶¶23 and 24 strike this Court as disingenuous in claiming an inability to answer what are asserted to be "extremely vague" allegations in the corresponding paragraphs of the AC. Those allegations, like all others, call for responses.

All of those defects must be cured by an appropriate filing on or before April 20, 2007, else all of the corresponding allegations of the AC will be deemed to have been admitted.

As for Consortium's Counterclaim, it would seem that any such filing should be brought before this Court by a motion seeking leave to add Diane as a party to this action. In that regard it is unclear whether Consortium seeks to invoke Rule 19 or Rule 20 for that purpose, something that can be clarified by a motion on its part that gives an opportunity for Hulbert and Diane to respond.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 9, 2007