```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

MARK HULBERT, SR.,                )
                                  )
                Plaintiff,        )
                                  )
     v.                           )    No.  07 C 423
                                  )
DARRYL CHEEKS, et al.,            )
                                  )
                Defendants.       )
```

## MEMORANDUM OPINION AND ORDER

Darryl Cheeks ("Cheeks") has just filed a Supplemental Response to the motion that has been filed by plaintiff Mark Hulbert, Sr. ("Hulbert") to disqualify attorney Russel Winick ("Winick") and his law firm Russel G. Winick & Associates, P.C. ("Winick Firm") from representing Cheeks because of their past representation of both Hulbert (the asserted trigger for disqualification) and Cheeks in litigation in which both they and codefendant Chicagoland Foods Military Consortium, Inc. ("Consortium") were involved. This memorandum order is issued to deal with that motion.

To begin with, Cheeks' first argument--that the Winick Firm was not serving as Hulbert's personal attorney (Supp. Resp. 4-6)--is totally unpersuasive. It is not relevant in that respect that the earlier dispute stemmed from Hulbert's relationship with Consortium--what controls instead is that personal liability was sought to be imposed on Hulbert, and the Winick Firm was his only counsel. Hence any attempted reliance

on what this Court said and held in Bobbitt v. Victorian House, Inc., 545 F.Supp. 1124 (N.D. Ill. 1982) is inapropos.

But a studied analysis of the disqualification issue discloses that the current dispute can--and should--be resolved on another and more important ground.  Although the litigants have inexplicably failed to focus on this, Hulbert brings this action not simply on his own behalf but also on behalf of Consortium as a shareholder's derivative action (see Complaint ¶33 and its Counts I, II and III).  There is not the slightest question that the Winick-Winick Firm's representation of Consortium in the areas that Hulbert has made the gravamen of his Complaint means that corporate confidences were reposed in them in those respects.  Indeed, that is essentially the thrust of Cheeks' Response and Supplemental Response to the motion, and Winick himself has really recognized the resulting conflict by recently moving to withdraw as Consortium's attorney in this action--a motion that this Court granted on June 29.

That being so, the case is truly a poster child for application of conflict-of-interest principles.  Winick's and Winick Firm's continued representation of Cheeks necessarily implicates matters that Winick has learned from confidences reposed in him as the corporate attorney for Consortium.  And those confidences obviously extend across the entire spectrum of

Hulbert's current charges.[1]

Accordingly Hulbert's motion to disqualify Winick and the Winick Firm from Cheeks' representation is granted. And under the circumstances, that requires a total dissociation from the matter on the part of Winick and the Winick Firm--consultation and advice on their part, as well as formal representation, are barred.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 17, 2007

---

[1] This opinion should not be misread as staking out any substantive position on Hulbert's claims. No view is expressed in either direction on that score. Instead the point is that Winick's continued service as Cheeks' counsel here could not help but be impacted by knowledge that Cheeks has gained in his acknowledged position as corporate counsel for Consortium.